UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)

VINCENT F. DELETTO, SR.
        Plaintiff,

vs.

TRANS UNION LLC,
        Defendant.

CASE NO. 2:14-cv-02556-JS-GRB

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint For Monetary Damages And Injunctive Relief (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**Jurisdiction & Venue**

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. § 1681o et seq.) hereafter "FCRA" regarding failure to delete inaccurate and unverified entries on Plaintiff's credit report and for the reappearance of previously deleted items without proper notification. Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) as the events or omissions giving rise to the claim took place in this Judicial District and Defendants [sic] are [sic] a corporation doing business in this Judicial District.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.   This Court has authority to grant monetary, injunctive and other relief pursuant to 15 U.S.C. § 1681(p), N.Y. Gen. Bus. Law § 349, 28 U.S.C. §§ 2201-2 and 42 U.S.C. § 1983.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4.   The Plaintiff, Vincent F. DEletto, ["Plaintiff"], is a natural person who resides within this Judicial District.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5.   The Defendants [sic], TRANS UNION LLC ["Defendants" [sic]], are [sic] a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

**ANSWER:**   Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## STATUTORY FRAMEWORK:

A) Fair Credit Reporting Act

6.   The federal Fair Credit Reporting Act (hereinafter FCRA), 15 U.S.C. §§ 1681 *et seq.*, governs the content, issuance and use of consumer reports prepared for a variety of purposes.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. FCRA 15 U.S.C. § 1681a(b) defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8. FCRA 15 U.S.C. § 1681a(d)(1) defines a "consumer report" as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility. . . .

for "a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681(a)(3)(F).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. FCRA 15 U.S.C. § 1681b(a)(3)(g) defines the term "file" when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. FCRA 15 U.S.C. § 1681b(a)(3)(1)(2) defines "verification" as pertaining to a consumers [sic] credit application and/or insurance application as:

    (A) that the consumer continues to meet the specific criteria used to select the consumer for the offer, by using information in a consumer report on the consumer, <u>information in the consumer's application</u> for the credit or insurance, or other information bearing on the credit worthiness or insurability of the consumer; or
    (B) of the information in the <u>consumer's application</u> for the credit or insurance, to determine that the consumer meets the specific criteria bearing on credit worthiness or insurability.

  **<u>ANSWER</u>:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

  11.  FCRA 15 U.S.C. § 1681g, Disclosures to consumers specifies that a credit reporting agency, upon request, must provide the consumer with all:

  (a) Information <u>on file</u>; sources; report recipients. Every consumer reporting agency shall, upon request, and subject to section 610(a)(1) [§ 1681h], clearly and accurately disclose to the consumer:
  1) All information in the consumer's file at the time of the request.

  **<u>ANSWER</u>:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

  12.  FCRA 15 U.S.C. § 1681i Procedure in case of disputed accuracy states:

  (a) Reinvestigations of Disputed Information
  (1) Reinvestigation Required
  (A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is <u>disputed by the consumer</u> and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the credit reporting agency shall, free of charge, <u>conduct a reasonable reinvestigation</u> to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), <u>before the end of the 30-day</u> period beginning on the date on which the agency receives the notice of the dispute from the consumer.

  **<u>ANSWER</u>:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13. FCRA 15 U.S.C. § 1681i(a)(5) Treatment of Inaccurate or "<u>Unverified Information</u>" states:

> (A) In general.  If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or **cannot be verified**, the consumer reporting agency shall:
> (i) **promptly delete the item** of information from the file of the consumer based on the results of the reinvestigation and
> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.
>
> (B) <u>Requirements Relating to Reinsertion of Previously Deleted Material</u>:
> (i) *Certification of accuracy of information*.  <u>If any information is deleted</u> from a consumer's file pursuant to subparagraph (A), the information <u>may not be reinserted</u> in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate.
> (ii) *Notice to consumer*.  If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, <u>the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion</u> or, if authorized by the consumer for that purpose, by any other means available to the agency.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14. Civil Liability for willful noncompliance FCRA 15 U.S.C. § 1681n imposes civil liability for willful noncompliance with the statute, providing for actual damages up to $1000, punitive damages at the court's discretion, costs and attorney's fees.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

15. FCRA 15 U.S.C. § 1681o also imposes civil liability for negligent noncompliance with the statute, providing for actual damages, costs and attorney's fees.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS:

16. On or about November 3rd, 2013, Plaintiff requested a copy of his Trans Union credit report from Trans Union on-line.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17. On or about November 3rd, 2013, Plaintiff received a copy of his credit report from Trans Union.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18. On review of the Trans Union credit report, the Plaintiff made note of a number of entities listed on the credit report that he was unfamiliar with and or [sic] what he considered to be inaccurate.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19. On or about November 4th, 2013, Plaintiff mailed Defendant a dispute letter listing a number of accounts that he was unfamiliar with and that he believed to be inaccurate and asked the Defendant to provide him with all of the documents that they [sic] used to verify the accuracy of these disputed items.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20. On or about December 3rd, 2013, Plaintiff received Defendant's response to his dispute letter noted on paragraph #19 above.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. Defendant stated in their [sic] reply to Plaintiff's dispute letter noted in paragraph #20 above that they [sic] re-investigated the disputed accounts with the original creditor and all of the disputed accounts were verified by the original creditor but Plaintiff [sic] failed to provide any of the documents, requested by the Plaintiff, the Defendant had used to verify the accuracy of the disputed accounts.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. The credit bureau is obligated to re-investigate the disputed entries and to <u>remove</u> all "UNVERIFIABLE" entries.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

23. On or about December 9th, 2013, Plaintiff mailed Defendant a 2nd dispute letter listing the accounts that he believed to be inaccurate and asked the Defendant a 2nd time to

provide him with all of the documents that they [sic] used to verify the accuracy of these disputed items. Plaintiff also requested Defendant to provide him with the name of the individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your [sic] Defendant's alleged re-investigation.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24. On or about January 4th, 2014, Defendant sent a letter of response to the Plaintiff. Defendant's response appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 23 above.

**ANSWER:** Trans Union denies that "[d]efendant totally ignored all of the requests made by the Plaintiff." Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

25. On or about January 14th, 2014, Plaintiff mailed Defendant a 3rd dispute letter listing the accounts that he believed to be inaccurate and asked the Defendant a 3rd time to provide him with copies of all of the documents they [sic] used to verify the accuracy of the disputed items. Plaintiff also requested Defendant to provide name of individual in the

Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your [sic] Defendant's alleged re-investigation.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

26. On or about February 8th, 2014, Defendant sent a letter of response to the Plaintiff. Defendant's response again appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 25 above.

**ANSWER:** Trans Union denies that "[d]efendant totally ignored all of the requests made by the Plaintiff." Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

27. On or about February 18th, 2014, Plaintiff mailed Defendant a 4th dispute letter listing the accounts that he believed to be inaccurate and asked the Defendant a 4th time to provide him with copies of all of the documents they [sic] used to verify the accuracy of the disputed items. Plaintiff also requested Defendant to provide him with the name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual,

business address, and telephone number of the person or business contacted during your [sic] Defendant's alleged re-investigation.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28. On or about March 14th, 2014, Defendant sent a letter of response to the Plaintiff. Defendant's response again appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 27 above.

**ANSWER:** Trans Union denies that "[de]fendant totally ignored all of the requests made by the Plaintiff." Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

29. On or about March 20th, 2014, Plaintiff mailed Defendant a 5th dispute letter listing the accounts that he believed to be inaccurate and asked the Defendant a 5th time to provide him with copies of all of the documents they [sic] used to verify the accuracy of the disputed items. Plaintiff also requested Defendant to provide him with the name of the individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

30. As of April 7th, 2014, Defendant has not yet responded to the letter sent by the Plaintiff. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 29 above.

**ANSWER:** Trans Union denies that "[d]efendant totally ignored all of the requests made by the Plaintiff." Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31. Defendant failed to remove any of the unverified accounts from Plaintiff's credit report as required by law.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

## CAUSES OF ACTION:

a) **Violations of Federal Fair Credit Reporting Act**

32. Plaintiff repeats and re-alleges each paragraph above as if fully set forth herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

33. Defendant is a "consumer reporting agency" as codified at 15 U.S.C. §1681a(e).

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

34. Plaintiff notified Defendant directly of a dispute on a number of unverified accounts being reported on Plaintiff's credit report.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

35. The credit reporting agency failed to delete the accounts that they [sic] failed to show proof of verification as required by the FCRA.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

36. Plaintiff alleges that Defendant failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report concerning the accounts in question, violating 15 U.S.C. §1681e(b).

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

37. Plaintiff alleges that Defendant failed to conduct a proper and lawful reinvestigation.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

38. All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their [sic] actions were taken in violation of the FCRA and state law and/or should have known that their [sic] actions were in reckless disregard of the FCRA and state law.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

39. All of the violations of the FCRA proximately caused the injuries and damages set forth in this complaint.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

40. Defendant violated the Fair Credit Reporting Act in the following particulars:

1) Defendant failed to re-investigate and remove 6 accounts that Defendant failed to provide Plaintiff with the documents in Defendant's file that he requested from Defendant in writing that verify that the disputed accounts(s) [sic] belong to the Plaintiff as required by FCRA 15 U.S.C. Section 1681i.

2) Defendant failed to bear responsibility for evaluating the accuracy of information obtained from original creditor required under 15 U.S.C. Section 1681i(a)(4) to ensure the accuracy of the information. Defendant's responsibility must consist of something more than merely parroting information received from other sources.

3) Defendant's reinvestigation shifted the burden back to the Plaintiff in violation of 15 U.S.C. Section 1681i(a). In order for Defendant to fulfill its obligations under section 1681i(a) Defendant was required to verify the accuracy of its initial source of information used to open the line of credit (credit application). Defendant failed to do that. 15 U.S.C. Section 1681i(a) requires that a consumer reporting agency shall within a reasonable period of time re-investigate and promptly delete inaccurate or unverifiable information. Section 1681i requires deletion of information found to be no longer verified. Defendant did not delete the unverified file(s).

**ANSWER**: Trans Union denies the allegations contained in this paragraph, including its subparts. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

41. As a result of Defendant's conduct, actions and omissions, Plaintiff suffered damages.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

42. The FCRA 15 U.S.C.A. Sec. 1681i and 15 U.S.C.A. Sec. 1681o imposes a duty upon credit reporting agencies to reinvestigate and to delete information found to be inaccurate or no longer verifiable once the consumer has protested the inclusion of the material. A negligent violation of these sections noted in the paragraphs above subjects the credit reporting agency to liability for any actual damages sustained as a result of the violation(s), together with the costs of the action and a reasonable attorney's fee.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

43. The fact that the Defendant ignored Plaintiff's dispute letters a total of five times appears to indicate a willful intent to ignore the law. A willful violation under 15 U.S.C. Sec. 1681n subjects the agency to punitive damages as well. The fact that the consumer wrote multiple letters and each time the credit bureau ignored his requests for proof of verification their actions show their "willful violation".

**ANSWER**: Trans Union denies the allegations contained in this paragraph. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## PRAYER AND RELIEF

44. Each instance in which defendant violated Section 609 of the FCRA, 15 U.S.C. § 1681g, in one or more of the ways described above constitutes a separate violation for which plaintiff seeks monetary civil penalties.

**ANSWER:** Trans Union denies the allegations contained in this paragraph. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

45. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 for each knowing violation of the FCRA.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the Defendant pursuant to 15 U.S.C. §1681s, and to this Court's own equity powers:

(1) Enter judgment against defendant and in favor of plaintiff for each violation alleged in this complaint; ($2,500 for each cause of action)

(2) Award plaintiff monetary civil penalties from the defendant for each violation of the FCRA alleged in this complaint;

(3) Enjoin defendant from violating the FCRA;

(4) Award plaintiff such additional relief as the Court may deem just and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## DEMAND FOR JURY TRIAL

46. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all issues.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date: April 28, 2014                                         Respectfully submitted,

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq. (NY# 2807451)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **28th day of April, 2014**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **28th day of April, 2014**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Vincent F. DEletto, Sr.<br>11 7th Street<br>Bayville, NY  11709 | |
|---|---|

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq. (NY# 2807451)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*